**UNITED STATES of America**

**v.**

**BCCI HOLDINGS (LUXEMBOURG), S.A., Bank of Credit and Commerce International, S.A., Bank of Credit and Commerce International (Overseas) Limited, and International Credit and Investment Company (Overseas) Limited, Defendants.**

**In re Petition of Khawaja Qadeer AHMED.**

**Crim.A. No. 91–0655 (JHG).**

United States District Court, District of Columbia.

April 30, 1996.

Gerald Kadish, New York City, for petitioner.

Stefan D. Cassella, U.S. Dept. of Justice, Washington, D.C., for the Government.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

Upon consideration of Khawaja Qadeer Ahmed's petition ("L-claim") under 18 U.S.C. § 1963(*l*) (1994), the government's motion to dismiss, the pleadings filed in opposition thereto and in support thereof, the oral argument on April 23, 1996, and the entire record in this matter, Ahmed's L-claim will be dismissed without prejudice due to lack of jurisdiction.

The facts underlying the petition are not in dispute. On July 3, 1991, Ahmed instructed the Middle East Bank, Ltd. ("MEB"), of Karachi, Pakistan to wire US$400,000 from his MEB account to his account at the Bank of Credit and Commerce (Emirates) ("BCCE"). Instead, MEB mistakenly transferred the funds to the Bank of Credit and Commerce International ("BCCI") via BCCI's correspondent in the United States, the Bank of New York.[1] The error was discovered and correction attempted on July 4, 1991, but before the correction could be made, a blocking order was imposed on BCCI's assets in the United States on July 5, 1991. The blocking order included the $400,000 located in BCCI's account number 8900049545 with correspondent Bank of New York.

Under 18 U.S.C. § 1963(*l*)(2), "[a]ny person, other than the defendant, asserting a

---

**1.** The payment order issued by MEB stated in relevant part: "TO THE DEBIT OF OUR ACCT PLS ADV N PAY VAL 3–7–91 USD. 400,000/– (USD FOUR HUNDRED THOUSAND ONLY) TO BANK OF NEW YORK N. YORK FOR CR ACCT NO. 8900049545 OF BANK OF CREDIT AND COMMERCE INTERNATIONAL DEIRA, DUBAI BR ACCT WITH THEM FVG K.Q. AHMED A/C NO. 1043341."

legal interest in property which has been ordered forfeited to the United States ... may ... petition the court for a hearing to adjudicate the validity of his alleged interest in the property." After receiving notice by the United States that the funds were subject to forfeiture, Ahmed filed his L-claim alleging a superior interest in the forfeited US$400,000.

The United States moved to dismiss his claim, contending that under Article 4A of the Uniform Commercial Code (U.C.C.), Ahmed's interest transferred to BCCI when the Bank of New York accepted the payment instructions directing payment to BCCI account number 8900049545 at the Bank of New York. *See* United States' Motion to Dismiss, at 7. In essence, the United States argues that Ahmed is a general creditor of BCCI and lacks standing to assert a claim to specific property. In opposition, and also relying upon U.C.C. Article 4A, Ahmed argues that title in the funds never transferred to BCCI, because the transaction was a mistake. Since he never had an account at BCCI, the funds were never legally accepted and, therefore, his property interest was never divested. *See* Memorandum in Opposition to Motion of the United States to Dismiss the Petition of Claimant Khawaja Qadeer Ahmed, at 4–10.

In its Reply Brief, and again at oral argument before this Court on April 23, 1996, the United States challenged this Court's jurisdiction to consider Ahmed's petition. Despite the fact that the United States had provided Ahmed with notice of his right to petition the Court under 18 U.S.C. § 1963(*l*) for the US$400,000 in forfeited assets, the government contends that funds were not included in the Court's Order of Forfeiture entered on December 21, 1994, and consequently, the Court lacks jurisdiction under 18 U.S.C. § 1963(*l*)(2) to adjudicate the validity of the interest in this property. *See* United States' Reply to the Memorandum of Khawaja Qadeer Ahmed in Opposition to the United States' Motion to Dismiss, at 4–5 (filed April 12, 1996); Transcript of Hearing Before the

Honorable Joyce Hens Green on April 23, 1996 ("TR"), at 4–7 (argument by Stefan Cassella, Esq., Asset Forfeiture Division of the Department of Justice).

 Although this issue was not raised earlier, subject matter jurisdiction can be challenged at any time. The Court's jurisdiction extends only to that "property which has been ordered forfeited to the United States." 18 U.S.C. § 1963(*l*)(2). The Fourth Supplemental List of Forfeited Property, Exhibit A to the Court's Order of Forfeiture of December 21, 1994, simply does not include the US$400,000 at issue in Ahmed's petition.[2] The Court takes no position at this time as to whether the funds at issue were included among the $1.05 million transferred by the New York Superintendent to the Court Registry Investment System or remain in the possession of the Bank of New York. *See* TR, *supra,* at 4–7. However, it is clear nevertheless that the funds have not been included in a forfeiture order issued by this Court. *See, e.g., United States of America v. BCCI Holdings (Luxembourg), S.A.,* 833 F.Supp. 22, 27 (D.D.C.1993) (dismissing Industrial Bank of Japan's L-claim because the assets in question had not been included in a forfeiture order issued by the Court).

Ahmed contends that the government should be estopped from asserting this argument since both the United States and this Court provided him with notice of his right to assert an L-claim. However, the nature of the government's argument goes to jurisdiction, which cannot be equitably estopped.

The Court, of course, expresses no opinion on the merits of Ahmed's claim. Accordingly, it is

ORDERED that Khawaja Qadeer Ahmed's L-Claim is dismissed without prejudice due to lack of jurisdiction.

IT IS SO ORDERED.

---

2. While the Fourth Supplemental List of Forfeited Property included "[e]xcess funds from [the] liquidation of New York agency of BCCI, S.A." in the aggregate amount of $77,000,000, the funds in the amount of $400,000 from BCCI account number 8900049545 at the Bank of New York were *not included. See* Trustee's Accounting of Initial Assets Received From New York Liquidators, at 2 & Addendum I (filed December 5, 1994).